OPINION
This is an appeal from the Ashtabula County Court of Common Pleas. Appellant, Abdul Boles, appeals from the length of the sentence imposed on him.
On October 8, 1997, the Ashtabula County Grand Jury indicted appellant on two counts of rape, aggravated felonies of the first degree, in violation of R.C. 2907.02. At the arraignment on October 14, 1997, appellant entered a plea of not guilty to both counts. On February 11, 1998, appellant withdrew his plea of not guilty, and pursuant to a plea negotiation entered a plea of guilty to two counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4). On that same date, the trial court deferred sentencing so a presentence investigation ("PSI") could be performed.
A sentencing hearing was conducted on April 28, 1998. Prior to imposing sentence, the trial court indicated that it had reviewed the PSI report. Appellant's attorney spoke in appellant's behalf and explained that appellant had already expressed regret to the court and to the victim's family. He further stated that the incident occurred while appellant was with some friends, and that he used bad judgment. He mentioned that appellant assumed that the victim was the age of consent, although she was eleven years of age at the time.
Furthermore, he noted that the PSI report falsely referred to appellant as a gang member. He also indicated that the PSI report suggested that the victim suffered from psychological problems as a result of the incident. However, according to appellant's attorney, there was no evidence to support this finding. Moreover, appellant's attorney maintained that since the victim initiated contact, it would be unfair to hold his client completely responsible for all the treatment she had endured because of the incident.
Appellant's attorney described appellant as academically "not attain[ing] very good grades, basically [a] D and F student." Further, he claimed that appellant consumed about a forty ounce beer prior to the incident which may have impaired his judgment. He also disclosed that appellant suffers from severe asthma which physically limits him. Appellant's attorney reiterated that appellant used bad judgment and that he did not go "looking for a child to * * * molest. He has children of his own he cares about and he wouldn't want anybody to have anything to do with them." Appellant's counsel urged the trial court to show some mercy and argued that the maximum sentence would be unwarranted.
Following defense counsel's statements, the prosecutor contended that appellant had been accorded ample consideration with the reduction in the charges. He further informed the trial court that the PSI report showed that appellant "does not comprehend the seriousness of his actions * * *. [Appellant] appears to be [a] self-serving, irresponsible individual with little or no motivation to change." The prosecutor also illustrated appellant's criminal history. He mentioned that appellant had two contributing charges over the past ten years and another one, which was currently pending. The prosecutor recommended that appellant be sentenced to a term of four years on each count.
Following the prosecutor's recommendations, the trial court afforded the victim's mother an opportunity to address the court. She stated that at the time of the incident her daughter was only eleven years old, and that appellant, who was twenty-eight years old, was a menace to juveniles. She concluded her testimony by requesting that the trial court sentence appellant to the maximum sentence since this was not his first offense and it probably would not be his last.
Appellant's attorney claimed that if his client had a prior sexual offense on his record, he would agree with the remarks made by the victim's mother. However, he informed the court that appellant had "never been convicted of or accused of anything like this in the past so we must assume that this [was] the first time." He also asserted that the investigation revealed that several of the victim's psychological problems started before the incident occurred, and thus, appellant could not be held solely responsible. He again requested that the trial court show mercy on his client.
Appellant spoke in his own behalf. He stated that he would "like to apologize and say [he is] sorry for what [he] did. That's all [he] can say."
In a judgment entry dated April 29, 1998, the trial court sentenced appellant to serve a definite prison term of five years on each count to run concurrently. Appellant received twenty-seven days credit for time already served. Further, the trial court ordered appellant to pay all costs and advised appellant of the "bad time" and applicable period of post-release control pursuant to R.C. 2929.19.
On May 27, 1998, appellant timely filed this notice of appeal. Appellant now raises a single assignment of error:
 "[1.] Appellant received the maximum possible sentence for what he pled guilty to without a specific finding that he met one of the criteria that are set forth under [R.C.] 2929.14(C)."
 Appellant's sole contention is that the trial court erred in sentencing him to the maximum allowable term without making the requisite findings that he met the criteria set forth in R.C. 2929.14(C). Alternatively, appellee, the State of Ohio, argues that the five-year concurrent sentences were not the maximum and, even if they were, the court was not required to make specific findings as appellant claims. However, this court has previously stated that if an appellant is sentenced to the maximum term on any count, whether it is served concurrently or consecutively, is irrelevant pursuant to R.C. 2929.19(B)(2)(e). See, generally, State v. Rone (Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported.
In the case at bar, appellant entered a plea of guilty to two counts of gross sexual imposition, in violation R.C.2907.05(A)(4), felonies of the third degree. R.C. 2953.08(A)(1) provides an offender a right of appeal when he receives the maximum sentence. Pursuant to R.C. 2953.08(G)(1), a reviewing court may increase, reduce, or modify a sentence if it clearly and convincingly finds that "the record does not support the sentence," or "the sentence is otherwise contrary to law." R.C.2953.08(G)(1)(a) and 2953.08(G)(1)(d). The possible sentence for a third degree felony is a definite prison term of one, two, three, four or five years. R.C. 2929.14(A)(3). Appellant was sentenced to five years for each count with the sentences to run concurrently.
Parenthetically, we note that much of the authority cited in appellee's brief was decided prior to the new sentencing laws which took effect on July 1, 1996. Appellee relies on State v.Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported, 1997 WL 638410, which was concluded after the new sentencing laws took effect. The Fincher court states that "talismanic words from the sentencing court" are not required to interpret R.C. 2929.14(B) and R.C. 2929.14(C). Id. at 6. However, this court disagrees with that reasoning and opines that a trial court should make "certain on-the-record findings * * * when it sentences a defendant * * * to the maximum prison term."State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, at 13. Furthermore, we conclude that while Fincher
does not require "talismanic words" from the trial court, the lower court in Fincher did recite more of its findings than the trial court rendered in the instant matter.
If a trial court imposes the maximum term of imprisonment, it must "make a finding that gives its reasons for selecting the sentences imposed * * *." R.C. 2929.19(B)(2) R.C. 2929.14(C) provides, in pertinent part:
 "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
R.C. 2929.12 provides a general list of factors that the trial court must consider to decide whether an offender committed one of the worst forms of the offense or whether an offender posed the greatest risk of recidivism. In the instant matter, in determining whether appellant committed one of the worst forms of the offenses of gross sexual imposition, the court must consider whether the victim suffered serious physical, psychological, or economic harm. R.C. 2929.12(B)(2). In ascertaining whether appellant posed a risk of recidivism, the court must verify whether appellant was on parole or probation at the time of the offense, whether he showed genuine remorse for the offense, and whether he had pled guilty to or been convicted of a prior criminal offense. R.C.2929.12(D)(1) and (5); R.C. 2929.12(E)(2) and (5).
Appellant argues that the trial court must make specific findings on the foregoing factors before imposing the maximum sentence upon him. R.C. 2929.19(B) provides:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term * * *."
The preceding section applies to the case at bar and requires that before the sentencing court imposes a maximum sentence pursuant to the record here, it must determine that the offense was of the worst type or that the offender was the most likely to commit future crimes under the relevant portions of R.C. 2929.14(C).
This court has held that according to the new sentencing laws, the findings mandated by R.C. 2929.12 and R.C. 2929.14 must appear in the judgment, in the transcript of the sentencing hearing or somewhere on the record of the sentencing exercise.Rone at 6. See, also, Edmonson at 13-15; State v. Pratt
(Sept. 25, 1998), Lake App. No. 97-L-208, unreported, at 6-7; State v.Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, at 4. This court has also held that:
 "[a] sentence which repeats the language of R.C. 2929.14(E)(3) without any [indicia] of a consideration of the factors set forth would be insufficient. For a meaningful review, the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." Kase at 4.
In the case sub judice, the sentencing entry contains no indication or discussion of the factors under R.C. 2929.14(C) or 2929.12. It merely states that the court "considered the purposes and principles of sentencing set forth in R.C. 2929.11
and the factors set forth in R.C. 2929.12. The Court has also weighed the factors set forth in R.C. 2929.13 and 14." The transcript of the sentencing hearing reveals little more.
 "THE COURT: Well, I have reviewed the so-called seriousness and recidivism factors set forth in [R.C.] 2929.12 and they have been noted on the outline sheet provided in the [PSI report].
 "[Appellant] has had a long history of involvement with the criminal justice system. Of course, nothing so serious as this but just a continuing kind of disregard for the rules of our society and the criminal laws and perhaps the most aggravating factor in this case is the young age of the victim, regardless of her apparent consensual participation in this.
 "As [the prosecutor] has pointed out, the law sets a cut off age. So, at least for legal purposes, consent is an irrelevant question. I don't doubt that this young lady did have some * * * emotional problems that resulted in her participation in this course of conduct but I think if anything that is more of an aggravating factor than it is a mitigating factor.
 "[The prosecutor] also made reference to the purposes of felony sentencing as set forth in [R.C.] 2929.11 and I have also considered them and specifically the portion under Section (B) which [he] did not read but that the Court should impose a sentence that is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim.
 "I think it's true that [appellant] has already received a leniency in the plea negotiation in this case which brought it down from a level charged under the rape statute. I believe they were felonies of the first degree as charged down to felonies of the third degree.
 "The Court finds that [appellant] is not a suitable candidate for community control and, therefore, it will be the judgment and sentence of the Court that [appellant] be confined to the Lorain Correctional Institute at Grafton, Ohio, to serve a sentence of five years imprisonment on each count.
 "I think if there's grounds for any further leniency it is only the fact that this does appear that it was a single, on-going course of conduct and, therefore, although there were two incidents charged, I'll order that these sentences shall run concurrently. There will be no fine. However, the court costs will be assessed against [appellant]. * * *"
The court did not sufficiently make a finding that appellant committed one of the worst forms of gross sexual imposition or that he posed the greatest risk of recidivism. The court merely discussed, in general terms, the age of the victim and appellant's history of criminal involvement. Therefore, we conclude that under the new sentencing laws, the court did not adequately state its reasons, either in the sentencing entry or on the record at the hearing, for imposing the maximum sentence in accordance with R.C. 2929.29(B)(2)(d). Such a reversal and remand does not imply approval or disagreement with the sentences imposed. Rather, it signifies that the judgment entry as written, does not support the sentences which were imposed. Appellant's assignment of error is with merit.
For the foregoing reasons, the sentencing entry of the Ashtabula County Court of Common Pleas is reversed and the cause is remanded for re-sentencing consistent with this opinion.
_______________________________
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.